UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cr-00759-AGF ) |
| RODNEY D. PRICE, | ) ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION IN LIMINE**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jillian S. Anderson, Assistant United States Attorney for said District, and files this Motion in Limine to exclude evidence, argument or examination concerning the following:

1. **Alternate Perpetrator**

The Government moves the Court to exclude evidence, argument or examination related the possibility of an alternate perpetrator. The possibility of an alternate perpetrator is inadmissible unless the defense can demonstrate a direct link between the suspect and the crime. It is inadmissible if all defendant can do is rely on hearsay or cast bare suspicion on a third party. *See United States v. DeNoyer*, 811 F.2d 436, 440 (8th Cir. 1987) (Evidence of alternate perpetrator was properly excluded where the evidence was remote and speculative.)

2. **Government Introducing Business records without Calling a Custodian of Records**

The Government has business records that it intends to introduce at trial. A copy of those records have been produced to Defendant. The Government does not intend to call the custodian

1

of records to authenticate these records. Nevertheless, they should be admitted.

The Federal Rules of Evidence permit the admission of business records. "Fed.R.Evid. 803(b) permits admission into evidence of 'records of regularly conducted activity.'" *Shelton v. Consumer Products Safety Comm'n*, 277 F.3d 998, 1009 (8th Cir. 2002), *cert. denied*, 537 U.S. 1000 (2002). Furthermore, Fed.R.Evid. 902(11) permits business records to be introduced without the testimony of a custodian of records so long as a certificate accompanying the records certifies that it was: (1) made at or near the time of the occurrence by a person with knowledge; (2) kept in the course of the regularly conducted activity; and (3) made by the regularly conducted activity as a regular practice. The document and the declaration must be made available to the defendant for inspection. Fed.R.Evid. 902(11); Shelton, 277 F.3d at 1009 n. 9.

In this instance, the Government will provide a copy of the certificates to Defendant for inspection prior to trial. These certificates will conform with Rule 902(11)'s requirements for the admissibility of the records without the need for the custodian of records to testify. Consequently, the Court should admit the records at trial without the need for a custodian.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its Motion in Limine.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/ Jillian S. Anderson*
JILLIAN S. ANDERSON, 53918MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

2

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Brocca Morrison
Office of the Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101

                                              *s/ Jillian S. Anderson*
                                              JILLIAN S. ANDERSON, 53918MO
                                              Assistant United States Attorney