UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-CR-759 AGF |
| **RODNEY D. PRICE,** | ) |
| | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM

Rodney Price is asking this Court for a sentence of seventy-two (72) months in the Federal Bureau of Prisons. Mr. price was previously represented by Brocca Morrison. Mrs. Morrison received a guilty plea agreement from the U.S. Attorney's Office recommending a sentence of thirty-six (36) months in the Federal Bureau of Prisons. In support of said request, Rodney Price states as follows:

Rodney Price is a forty-two (42) year old man with a criminal history score of zero. He has lived a law-abiding life. Mr. Price maintained employment and became part owner of a business providing care to persons with disabilities. He was married to Julie Partel-Price in 2009. His wife began to suffer from psychosis and required full-time care. Rodney provided that care and maintained employment. It was a very difficult period of his life. Rodney and his wife decided to divorce.

Mr. Price met someone new and began a relationship. The person he met had a history of methamphetamine use. Sometime later, his home was searched by officers from the Missouri State Highway Patrol and U.S. Secret Service. As noted in the Presentence Investigation Report, when the search was conducted, methamphetamine was discovered. While on bond, Mr. Price tested positive for methamphetamine on numerous occasions. His bond was revoked and he was taken into custody.

The Court had appointed the Office of the Federal Defender for the Eastern District of Missouri to represent Mr. Price. Attorneys, Brocca Morrison and Eric Selig were assigned his case. Attorney Brocca Morrison engaged in guilty plea negotiations with the U.S. Attorney's Office on behalf of her client. She was

presented with a Guilty Plea Agreement that stated "The Government agrees to request a sentence of **three (3) years** (emphasis added) followed by a period of supervised release for the defendant's lifetime and restitution and assessments as applicable." This thirty-six (36) month offer was made despite an estimated Total Offense Level of twenty-nine (29). That offense level and criminal history score of zero resulted in an imprisonment range of 87 months to 108 months in the Federal Bureau of Prisons. Attorney Morrison conveyed this plea offer to Mr. Price.

Mr. Price and his attorneys were having issues communicating. Mr. Price would not discuss the guilty plea offer nor engage in meaningful dialogue required for his attorneys to effectively assist him. After the Court held a hearing concerning said communication issues, Joseph M. Hogan was appointed as counsel for Mr. Price.

Mr. Price was adamant about going to trial. No further plea negotiations were conducted until the weeks prior to the scheduled jury trial. Counsel was informed by the Government that the thirty-six (36) month offer was withdrawn. The Government suggested defense counsel present an alternative guilty plea offer that would be acceptable to Mr. Price. That offer would be subject to the mandatory minimum sentence required by Count One, Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C § 2252A(b)(1). After consultation with Mr. Price, counsel informed the Government that there would be no offer from Mr. Price.

On October 26, 2022, after a jury trial, Mr. Price was found guilty of Receipt of Child Pornography and Access with Intent to View Child Pornography. A presentence investigation report was prepared. Based upon a total offense level of 34 and a criminal history category of I, his guideline imprisonment range is 151 months to 188 months.

A defendant's guideline range is advisory. *United States v. Booker*, 543 U.S. 220, 244 (2005). Under *Booker* and its progeny, sentencing courts may not treat the applicable guideline range as presumptively reasonable. *Nelson v. United States*, 129 S.Ct. 890 (2009). Instead, the advisory guideline range must be weighed against the other factors listed in 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007). In the pursuit of a just sentence, district courts may devise policies and impose sentences that are at odds with the policies articulated by the Federal Sentencing Guidelines. *Spears v. United States*, 129 S.Ct. 840 (2009). Regardless of what the applicable guideline range suggests, 18 U.S.C. § 3553(a) directs the district courts to impose a sentence no longer than necessary to

accomplish the purposes of punishment pursuant to § 3553.

     A sentence of 72 months is double the original guilty plea offer and effectuates the purpose of punishment articulated by Section 18 U.S.C. § 3553(a). Section 3553 calls upon courts to recognize relevant differences amongst defendants, even defendants with the same base offense level or guideline range. In arriving at a final sentence, the Court should impose a sentence no longer than necessary to (A) reflect "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) deter future criminal conduct; (C) protect the public from the defendant and (D) provide the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553.

     Mr. Price did not accept responsibility and proceeded to trial. Counsel is not suggesting he be rewarded for his decision. But Mr. Price will be subject to lifetime supervision and required to register as a sex offender. His punishment will not end when released from prison. Regardless of the Court's determination of the applicable Guidelines range, a sentence of 72 months is sufficient, but not greater than necessary to effectuate all the purposes of punishment the Court must consider pursuant to § 3553. There is no reason to believe that any prison time greater than 72 months is necessary to further the goals of rehabilitation, deterrence, incapacitation, or promoting respect for the law. A 72-month sentence adequately reflects the seriousness of the offense and affords Mr. Price, a 42-year old man, an opportunity for a new beginning.

     Paragraph 93 of the Presentence Investigation Report, **FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM**, states that the Court may wish to consider a downward variance when taking into account the factors outlined in Section 18 U.S.C. § 3553(a). This section permits the sentencing court to consider the history and characteristics of the defendant when considering a sentence outside of the advisory guideline system. U.S. Probation Officer, Elizabeth Poston, states "the probation office has identified factors under 18 U.S.C. § 3553(a) that may warrant a variance and imposition of a non-guideline sentence. A variance from the prescribed guideline range may be warranted based upon the history and characteristics of the defendant. Price has several physical health issues and suffers from substance abuse. The defendant is facing his first term of incarceration."

     U.S. Probation Officer, Elizabeth Poston also believes Mr. Price would benefit from participation in the Residential Drug Abuse Program (RDAP) while

incarcerated. (paragraph 57 of P.S.I)

WHEREFORE, counsel is requesting this Honorable Court impose a sentence of seventy-two (72) months incarceration in the Federal Bureau of Prisons or any other sentence reduction this Court deems fair and equitable.

Respectfully submitted,

/S/ JOSEPH M. HOGAN
Joseph M. Hogan, 47008MO
Attorney for Defendant
7710 Carondelet, Ste. 404
Clayton, Missouri 63105
(314) 863-9898
jmhogan4090@sbcglobal.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically delivered to:

United States Attorney's Office
111 South 10th Street
St. Louis, Missouri 63102

This 13th day of February 2023.

/S/ JOSEPH M. HOGAN